# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JANDY POOL PRODUCTS, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-36-Orl-22DAB**

**OMEGA COMPONENTS, LLC, d/b/a:**
**Foundation Technologies International, and**
**MAGNUM DISTRIBUTION**
**TECHNOLOGIES, LTD. CO.**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **OMEGA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 17)**
>
> **FILED:**     **February 27, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and sanctions be considered.
>
> **MOTION:**     **MAGNUM'S MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 18)**
>
> **FILED:**     **March 2, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and sanctions be considered.

Co-Defendants file almost identical motions asserting that the Second Amended Complaint "does not comply with the Federal Rules of Civil Procedure and fails to give Defendant[s] fair notice of the claims against it." As the motions are completely (and inexplicably) baseless, the Court **respectfully recommends** that they be denied. Moreover, in view of the complete lack of arguable merit to the motions, the Court suspects that they were filed for improper motive such as delay, and **recommends** that the Court consider issuing an Order to Show Cause under Rule 11, or impose sanctions under 28 U.S.C. § 1927, for unreasonably and vexatiously multiplying the proceedings.

*The Second Amended Complaint*

As the Second Amended Complaint ("SAC") indicates, this is an action against Defendant Omega Components, LLC d/b/a/ Foundation Technologies International and Omega's alleged successor in interest, Magnum Distribution Technologies, arising out of a commercial dispute regarding the bona fides of supplied goods. As specifically alleged, Defendant Magnum "has recently purchased Foundation Technologies International, which is the registered fictitious name for Omega Components, LLC" SAC ¶ 9.

As set forth by Plaintiff,[1] in late 2004 and 2005, Jandy ordered 156,193 Silicone Controlled Rectifiers ("SCRs"), part number BT151-X650R, from Omega d/b/a Foundation. SAC ¶¶ 12-13. Jandy specifically requested SCRs manufactured by Philips Semiconductors ("Philips"). *Id.* The SCRs supplied by Omega became components of Back Boards which were installed into Jandy's AquaPure/Clormatic chlorine generators. SAC ¶¶ 11, 15.

On or about March 2006, Jandy began to be notified by customers that the Back Boards were failing at an alarming rate. SAC ¶ 15. Jandy investigated and determined that the root cause for the

---

[1] For purposes of the present motions, the Plaintiff's well pled allegations are taken as true.

failure of the Back Boards was defective SCRs. Testing isolated the failures to the SCRs purchased from Omega. SAC ¶ 17. Jandy notified Philips of the situation and sent the failed SCRs to Philips for testing and verification. SAC ¶ 18. On May 27, 2006, Philips issued a Technical Complaint Report in which it determined that the SCRs that Jandy had purchased from Omega were not manufactured by Philips but were counterfeits. SAC ¶ 19.

As a result of the defective counterfeit parts supplied by Omega, Jandy has alleged that it incurred damages including the costs of replacement parts, service calls, resources, and other costs arising therefrom, including damage to its reputation. SAC ¶ 20. Jandy then sets forth four separate claims for relief alleging wrongdoing by Omega: (1) breach of contract; (2) breach of express warranty pursuant to UCC § 2-313, and Florida Statute 672.313; (3) breach of implied warranty of merchantability pursuant to UCC § 2-314 and Florida Statute 672.314; and (4) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In each count, Plaintiff also alleges "Jandy is informed, and based thereon believes that Magnum, as the new owner and successor in interest of Foundation, is obligated for the damages described herein." SAC ¶¶ 26, 32, 38, 46 and *see* Exhibit E to SAC.

### *STANDARD OF REVIEW*

In deciding a motion to dismiss, the Court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *Brown v. Crawford County*, 960 F. 2d 1002, 1010 (11th Cir. 1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Little v. N. Miami*, 805 F. 2d 962, 965 (11th Cir. 1986). A count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Lopez v. First Union*

*Nat'l Bank*, 129 F. 3d 1186, 1189 (11th Cir. 1997). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Serv., Inc*., 769 F. 2d 700, 703 (11th Cir. 1985). Nevertheless, dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice,* 253 F. 3d 678, 684 (11th Cir. 2001). Moreover, a court should grant a motion to dismiss where the factual allegations in the plaintiff's complaint present a dispositive legal issue precluding relief. *See Marshall County Bd. of Educ. v. Marshall County Gas. Dist*., 992 F. 2d 1171, 1174 (11th Cir. 1993).

### *ANALYSIS*

In the motions to dismiss, Defendants contend that the pleading violates Federal Rules 8, 10 and 12(b)(6) in that: 1) the pleading is "not separated into different counts;" 2) does not make a clear presentation of the issues and it is therefore "not possible . . . to file an appropriate answer;" and 3) the claims are "insufficiently distinct and impermissibly intertwined, thereby failing to support any stated claim for relief from [either] Defendant." The Defendants object to the complaint as being a "shotgun" pleading, and maintain that the SAC is "unclear" as to what each individual Defendant did. As it is obvious that the SAC, on its face, belies all of these assertions, the Court can only conclude that counsel has failed to *read* the Second Amended Complaint, prior to filing the motions.

*Rule 8 - General Rules of Pleading*

Defendants contend that the SAC violates Rule 8, Fed. R. Civ. P., which provides, among other things:

> (a) **Claims for Relief.**  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Defendants acknowledge that notice pleading is all that is required under the Rule, yet contend that here, "the Plaintiff's failure to coherently state the grounds upon which the claims have been made and what actions each Defendant made, combined with the Plaintiff's failure to allege the requisite elements to make those claims, requires that the [SAC] be dismissed." Contrary to Defendants' contentions, the SAC contains a short and plain statement of the Court's jurisdiction (diversity), a short and plain statement of each claim, and demand for judgment. To the extent Defendants find the pleading to be "incoherent," the Court will translate:

1. Plaintiff ordered certain goods from Omega and contracted for same.

2. Omega delivered goods and represented that the goods were those specified by Plaintiff

3. They weren't.

4. Plaintiff was damaged

5. Omega and its successor in interest Magnum are liable for the damages.

Plaintiff pleads four separate causes of action arising from these pled facts, identifies the claims by name and statutory reference, and identifies the damages incurred in a sufficiently short and plain fashion. The SAC is in full compliance with Rule 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (explaining that Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "only a short plain statement" and [s]uch a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") Defendants' contention to the contrary is frivolous.

The Court finds particularly troubling Defendants' assertion that this complaint is a "shotgun" pleading. Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) *citing Magluta v. Samples*, 256 F.3d 1282, 1284 (11th

Cir.2001) (per curiam). This is not the case here. Moreover, to the extent Defendants are implying that the SAC is prolix, the entire complaint, not counting exhibits, consists of 46 allegations and is less than 10 full pages long. To the extent Defendants suggest that the pleading is somehow incomprehensible, the Court strongly disagrees. While not particularly elegant, the SAC contains no immaterial assertions, and it is clear and concise.

*Rule 10 Form of Pleadings*

The relevant portion of Rule 10 provides:

> (b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . .shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

Defendants contend that the SAC violates this Rule in that Rule 10 "requires separate counts for separate claims against each defendant." As is clear from the language of the Rule, Rule 10 requires no such thing. Indeed, parties are free to plead a claim against more than one Defendant in a single count, as contemplated by the concept of joint and several liability. This assertion is without merit.

*Rule 12* (b)(6)

As set forth above, a count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Lopez v. First Union Nat'l Bank*, 129 F. 3d 1186, 1189 (11th Cir. 1997). Defendants raise no substantive grounds why each of the four counts could not be sustained. The motions to dismiss or for more definite statement should be **denied.**

*Sanctions*

As the above illustrates, the Court can discern no reasonable basis for the instant motions. As such, the Court may wish to consider imposing sanctions on defense counsel.

Rule 11, Fed. R. Civ. P. provides, in pertinent part:

> (b) **Representations to Court**. By presenting to the court . . . a written motion . . . , an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
> (1) it is not being presented for any improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support . . .; and
> (4) the denials of factual contentions are warranted on the evidence . . .

The Rule provides that a court, after notice and an opportunity to respond, may sanction an attorney for violation of the above.

Here, in the opinion of the undersigned, the representations contained in the motions had no factual support, nor were they warranted by existing law. While the Court is usually reluctant to wield the Rule 11 sword, the complete absence of any evident justification for the motions leads the Court to suggest that the District Court issue an Order to Show Cause why Rule 11 sanctions should not be imposed in this case.

Alternatively, defense counsel's conduct may be addressed pursuant to Title 28, U.S.C. § 1927, which states:

> § 1927. Counsel's liability for excessive costs
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: 1) the attorney must engage in "unreasonable and vexatious" conduct; 2) that

"unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and 3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings (the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") See *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F. 3d 1180, 1190 (11th Cir. 2006) citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.*, citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991); *but see Cordoba v. Dillards, Inc.,* 419 F. 3d 1169, 1178 fn. 6 (11th Cir. 2005) (suggesting that § 1927 does not necessarily require a specific finding that counsel acted in bad faith). Thus, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927--that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong,* 457 F. 3d at 1193. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Id*. (internal citation omitted).

It is **recommended** the Defendants (and their counsel) be required to explain the basis for filing these motions and to show cause why they should not be sanctioned as a result.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 30, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy